IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **TAYLOR JACOBS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO. 3:22-cv-00921** |
| | ) | |
| **COUNTY OF RUTHERFORD, et al.,** | ) | **JUDGE CAMPBELL** |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

Taylor Jacobs, an inmate formerly in the custody of the Rutherford County Sheriff's Office in Murfreesboro, Tennessee,[1] has filed a pro se civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1, "the Complaint") and an application for leave to proceed in forma pauperis (IFP). (Doc. No. 6; *see also* Doc. No. 10.)

The case is before the Court for ruling on Plaintiff's IFP application and initial review under the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

## I. APPLICATION TO PROCEED IFP

A prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Because it appears from Plaintiff's submission that he lacks sufficient financial resources to pay the full filing fee in advance, his application to proceed IFP in this matter (Doc. No. 6) is **GRANTED**.

[1] Plaintiff notified the Court that, after filing his Complaint, he was transferred from Rutherford County to a residential alcohol and drug treatment facility. (Doc. No. 9.)

## II. INITIAL REVIEW

### A. Legal Standard

The Court must dismiss the Complaint (or any portion thereof) if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b). The review for whether the Complaint states a claim asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although pro se pleadings must be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), they must still "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, upon "view[ing] the complaint in the light most favorable to the plaintiff[.]" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009). In applying this standard, the Court only assumes that the *facts* alleged in the Complaint are true; allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement'" are not accepted as true. *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

Plaintiff filed this action under 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, the Complaint must allege "that a defendant acted under color of state law" and "that the defendant's conduct deprived the plaintiff of rights secured under federal law." *Handy-Clay v. City of Memphis, Tenn.,* 695 F.3d 531, 539 (6th Cir. 2012) (citations

omitted).

**B. Analysis of the Complaint**

1. Allegations

The Complaint contains limited factual allegations, recited below in their totality:

> On 10/17/2022 I sent a request to the chaplain about having a copy of Dianetics brought to me (the religious text for Scientology) and it was denied for being out of stock. Shortly after I learned of a policy of Rutherford County Adult Detention Center that denies religious materials they deem inconsistent with the core values of Christianity. I filed a grievance and Sergeant Layhew confirmed the policy, using examples of banned material including "witchcraft" (I inferred the Wiccan religion) and the Church of Satan. I never received my copy of Dianetics, so I took that to mean Scientology is banned as well.

(Doc. No. 1 at 5.) As relief for the asserted violation of his "First (Establishment & Free Exercise)" and "Fourteenth (Due Process)" Amendment rights (*id.*), Plaintiff asks for reimbursement of any filing fee and for the Court "to launch an investigation into the policies of this facility and the conduct of the staff." (*Id.* at 6.) He states that he has "requested multiple times to file a criminal complaint under [federal law] and was denied." (*Id.*)

2. Discussion

To begin with, the Complaint names two defendants, both properly sued under Section 1983: Rutherford County and Chief Henderson. (Doc. No. 1 at 2.) However, Chief Henderson is alleged to be employed at the Rutherford County Adult Detention Center and is sued in his official capacity only. (*Id.*) A suit against a government official in his official capacity is, "in all respects other than name, to be treated as a suit against the entity." *Foster v. Michigan*, 573 F. App'x 377, 390 (6th Cir. 2014) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). Thus, where the employing entity is also a named Defendant, an official-capacity claim against the individual employee is properly dismissed as redundant. *Epperson v. City of Humboldt, Tenn.*, 140 F. Supp. 3d 676, 683 (W.D. Tenn. 2015); *Horn v. City of Covington*, No. 14–73–DLB–CJS, 2015 WL

4042154, at *3 (E.D. Ky. July 1, 2015) ("[W]hen a plaintiff brings § 1983 claims against a municipal entity and a municipal official in his official capacity, courts will dismiss the official-capacity claims as duplicative."). That is the case here, so Plaintiff's claim against Chief Henderson in his official capacity is subject to dismissal on that basis.

To proceed against Rutherford County, Plaintiff must allege that a county "policy or custom . . . caused the injury in question." *Lipman v. Budish*, 974 F.3d 726, 747 (6th Cir. 2020) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978)). The Complaint alleges the existence of a Rutherford County policy of denying inmates' requests for reading material deemed "inconsistent with the core values of Christianity." It then alleges that, based on the fact that Plaintiff "never" received his requested copy of Dianetics,[2] he "took [it] to mean" that Dianetics had been deemed inconsistent with Christianity and denied for that reason, rather than for the reason explicitly given by the jail's chaplain—that it was out of stock. But Plaintiff's inference of pretext is not itself a factual allegation, nor are the meager facts he alleges sufficient to allow "the reasonable inference that [Rutherford County] is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Rather, the Complaint presents nothing more than "a sheer possibility" that jail officials executed an unlawful Rutherford County policy to deny his book request, *id.*, and provides no facts at all to support the conclusory assertion that Plaintiff's due process rights were thereby violated. Accordingly, no plausible claim of entitlement to relief is stated against Rutherford County, even under the liberal construction owed to pro se pleadings. *See Hutchison v. Metro. Gov't of Nashville & Davidson, Cnty.*, 685 F. Supp. 2d 747, 751 (M.D. Tenn. 2010) ("In the context of Section 1983 municipal liability, district courts in the Sixth Circuit have interpreted *Iqbal*'s standards strictly.").

---

[2] Notably, Plaintiff made his request on October 17, 2022, and signed his Complaint a mere 21 days later, on November 7, 2022. (*See* Doc. No. 1 at 6.)

Finally, even if Plaintiff had alleged sufficient facts to support the inference that he was denied a copy of Dianetics pursuant to the alleged Rutherford County policy rather than because the book was out of stock, he has failed to state a claim that such denial burdened his religious rights. To state such a claim under federal law, an inmate must allege that the decision or action against him impacted a sincerely held religious belief or practice. *See Holt v. Hobbs*, 574 U.S. 352, 360–61 (2015) (analyzing claim under Religious Land Use and Institutionalized Persons Act of 2000, which requires "a prisoner's request for an accommodation [to] be sincerely based on a religious belief and not some other motivation"); *Flagner v. Wilkinson*, 241 F.3d 475, 481 (6th Cir. 2001) (analyzing First Amendment claim, which requires belief that "is religious in the [inmate]'s own scheme of things and is sincerely held"). But Plaintiff does not allege a sincere belief in the religion of Scientology, nor does he ask the Court to order that he be provided with what he describes as its "religious text," Dianetics. (Doc. No. 1 at 5, 6.) Rather, he asks the Court to launch "an investigation into the policies of this facility," since his previous requests to press federal criminal charges were denied. (*Id.* at 6.) Even if Plaintiff's request for relief were less vague, the Court simply "does not have the authority to order such an investigation." *Taylor v. Adams*, No. 5:11CV-P164-R, 2012 WL 3060948, at *2 (W.D. Ky. July 26, 2012); *see also*, *e.g.*, *Butler v. Atchison Police Dep't*, No. 19-3167-SAC, 2019 WL 4640582, at *2 (D. Kan. Sept. 24, 2019) (finding that "[t]here is no constitutional right to have law enforcement investigate complaints . . . or to have a state actor report an alleged crime to a charging authority").

In sum, the Complaint fails to sufficiently allege any viable claim under Section 1983 and must therefore be dismissed.

## III. CONCLUSION

For the reasons given above, this action is **DISMISSED** pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(ii), for failure to state a claim upon which relief can be granted. Plaintiff's pending "Writ of Mandamus" (Doc. No. 5) is **DENIED** as moot.

This is the final Order denying all relief in this matter. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b). The Court **CERTIFIES** that any appeal from this Order would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

It is so **ORDERED**.

WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE